**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FAYE L. BANKS,
                    Appellant,

            v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DC-0752-14-1011-I-1

DATE: February 22, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laura A. O'Reilly, Esquire, Virginia Beach, Virginia, for the appellant.

Deborah Muldoon, Esquire, and Michael J. Rhoades, Esquire, Scott Air
    Force Base, Illinois, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
dismissed for lack of jurisdiction her reduction-in-grade appeal. Generally, we
grant petitions such as this one only when: the initial decision contains erroneous
findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law. Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions. In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2        The appellant previously served as a GS-12 Traffic Management Specialist at Fort Eustis, Virginia. In February 2007, she was notified that her organization, the Surface Deployment and Distribution Command, was relocating to Scott Air Force Base, Illinois and that she would be reassigned in her GS-12 position. Initial Appeal File (IAF), Tab 4 at 9, 12. Because she did not wish to relocate, she began to look for other jobs. *Id.* at 9. She applied, and was selected, for another YA-2 Traffic Management Specialist position in a different organization at Fort Eustis. IAF, Tab 4 at 9, Tab 5 at 13, 16-17, 34. She was reassigned to that position under the National Security Personnel System (NSPS), effective March 29, 2009, with no loss in pay. IAF, Tab 5 at 18. After the repeal of the NSPS, she was reassigned to the position of Traffic Management Specialist, GS-11, with no loss in pay, effective June 20, 2010. IAF, Tab 1 at 13.

¶3        On August 27, 2014, the appellant filed an appeal in which she alleged that she had been reduced in grade without due process. *Id*. at 6. She explained that the agency never provided her any appeal rights and that, once she learned that she could appeal to the Board, she promptly did so. IAF, Tab 4. The agency moved that the appeal be dismissed for lack of jurisdiction, IAF, Tab 5, and the appellant challenged the agency's motion, IAF, Tab 11.

¶4    Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 15, Initial Decision (ID) at 1, 4.  She acknowledged the seminal NSPS case of *Arrington v. Department of the Navy*, 117 M.S.P.R. 301, ¶¶ 11-13 (2012), wherein the Board found that when the appellant initially occupied a position within the GS system when the NSPS was created, was converted into the NSPS, and was subsequently converted back to the GS system at a lower grade level than she occupied prior to the conversion into the NSPS, the cumulative effect of those personnel actions was the appellant's reduction in grade.  The administrative judge found, however, that *Arrington* was not dispositive because in this case the appellant was not converted to the NSPS while occupying a position in the GS system, but rather voluntarily left her position in the GS system to apply for a position that was already in the NSPS.[2]  ID at 3-4.

¶5    The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.  The appellant has replied to the agency's response.  PFR File, Tab 4.

¶6    On review, the appellant disputes the administrative judge's finding that *Arrington* is not controlling because the appellant voluntarily accepted the NSPS position and therefore did not suffer a reduction in grade.  She concedes that she applied for the YA-2 NSPS position, but argues that she was unaware that it was lower graded and that she did not voluntarily accept it.[3]  PFR File, Tab 1 at 6-7.

---

[2] The administrative judge did not address the apparent untimeliness of the appellant's appeal.  We assume, however, that the administrative judge deemed it unnecessary to do so, given her dismissal of the appeal on jurisdictional grounds.

[3] The appellant cites to two nonprecedential final orders issued by the Board which, in her view, support her position.  PFR File, Tab 1 at 7-8.  Such orders are not binding upon the Board except where it is determined that they have a preclusive effect on parties under the doctrines of res judicata, collateral estoppel, judicial estoppel, or law of the case.  5 C.F.R. § 1201.117(c)(2).  None of these doctrines applies to this case.  And while parties may cite these orders, they have no precedential value and the Board is not required to follow or distinguish them.  *Id.*

¶7   What is significant here is that the appellant voluntarily applied for and was selected to fill an appointment in the NSPS, unlike the appellant in *Arrington* who transitioned into the NSPS in the same position that she held as a GS appointee. *Arrington*, 117 M.S.P.R. 301, ¶ 2.  Had the appellant not applied for the YA-2 Traffic Management Specialist position in the NSPS, she could have remained in her GS position.  Therefore, we find that the appellant's decision not to relocate in her GS position but instead to compete for appointment in the NSPS did not create the same cumulative series of transactions that the Board found compelling in *Arrington.  See Ellis v. Department of the Navy*, 117 M.S.P.R. 511, ¶ 8 (2012). Accordingly, we agree with the administrative judge that the appellant failed to show that she suffered an appealable reduction in grade or pay and that the Board lacks jurisdiction over this appeal.[4]

¶8   The appellant further argues on review that the administrative judge erred in not convening the jurisdictional hearing she requested.  PFR File, Tab 1 at 14; IAF, Tab 1 at 2.  The administrative judge did not specifically address the appellant's request, but we read her decision as denying a hearing because the appellant failed to raise a nonfrivolous allegation of Board jurisdiction.  The appellant urges that, to the extent that voluntariness is a material factual issue, a jurisdictional hearing should have been scheduled.  PFR File, Tab 1 at 14. However, the appellant does not dispute the fact that she chose to apply for the YA-2 NSPS position rather than remaining in her GS-12 position because she did not want to relocate.  IAF, Tab 4 at 9.  For that reason, and because she did not allege that she transitioned into the NSPS in the same manner as did the appellant in *Arrington*, her contentions are insufficient to establish a nonfrivolous

---

[4] With her petition, the appellant has submitted documents that she submitted below. *Compare* PFR File, Tab 1 at 16-50, *with* IAF, Tab 11 at 15-50.  These documents do not constitute new evidence.  *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

allegation that she suffered an appealable reduction in grade so as to entitle her to a jurisdictional hearing.  As a result, we affirm the initial decision.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.